**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **MILTON RAYNARD KERR,** § | |
| § | |
| v. § | **A-06-CA–512 JN** |
| § | **(A-02-CR-205 JN)** |
| **UNITED STATES OF AMERICA,** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Movant Milton Raynard Kerr's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Memorandum in Support filed July 3, 2006 (Clerk's Doc. No. 169); and the Government's Response filed August 11, 2006 (Clerk's Doc. No. 173). Movant did not file a Reply.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 20, 2002, Movant was charged in a one-count indictment – along with Ira Spencer, Heather Kerr, Fallyn Boyce, and Perry Spencer – with conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846. After pleading guilty, at a sentencing hearing on December 3, 2003, the Movant was sentenced to a 235-month term of imprisonment. Kerr appealed his conviction. However the Fifth Circuit Court of Appeals dismissed Kerr's appeal – based upon the Government's motion to dismiss – on July

12, 2005 (and denied Movant's motion for reconsideration). On July 3, 2006 Movant filed his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Memorandum in Support. Movant alleges that: (1) he had ineffective assistance of counsel; (2) §3B1.1(a) of the Sentencing Guidelines was unconstitutionally applied; and (3) his indictment was structurally defective because it did not allege the guideline enhancement factor used to increase his punishment.

## II. STANDARD OF REVIEW

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III. DISCUSSION

Movant, attacks his conviction three separate grounds. However, all of the grounds are linked (as will be developed below), therefore the Court analyzes all of them together.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

Movant argues that he received ineffective assistance of counsel from his counsel at both the sentencing proceedings and on appeal. First, Movant argues that his appellate counsel's performance was deficient because although his counsel objected to the sentencing enhancement in an *Anders* Brief, he failed to properly object to it. That is, Movant argues that his sentence was enhanced

impermissibly under §3B1.1(a) – which allows for a four-level sentence enhancement where the defendant was "an organizer or leader" of a charged conspiracy, *see* USSG §3B1.1(a); *see also United States v. Betancourt*, 422 F.3d 240 (5th Cir. 2005) – because he was not a leader of the conspiracy, but merely a drug purchaser. According to his second formulation of the ineffective assistance argument, Movant argues that his counsel at sentencing was ineffective because "he failed to raise a proper objection" to the four-level enhancement. Movant's Memorandum, at p. 3.

These arguments require the Court to unpack the facts underlying Movant's sentence. As noted above, there were five people charged in the indictment at issue here. According to the Presentence Report ("PSR"), Ira Spencer was a significant Austin-area drug trafficker, who "employed" Perry Spencer and Fallyn Boyce. While Movant and his wife, Heather Kerr, were in a drug purchaser-seller relationship with Ira Spencer,[1] the PSR found that the two groups – Movant/Wife and the two Spencers in conjunction with Boyce – became one overall conspiracy involving five persons, when Movant purchased drugs from Ira Spencer. The PSR also concluded that because Movant would give orders to his wife (e.g., where and when and who to purchase the cocaine from), Movant's sentence could be enhanced under §3B1.1(a) as there were four other people involved in the overall conspiracy.

To reiterate then, Movant's argument as to his appellate counsel's ineffectiveness is that because there can be only one leader of a conspiracy under §3B1.1, and he was only a drug purchaser, his counsel's failure to make that argument on appeal rendered his assistance ineffective. *See* Movant's Petition, at p. 8. Movant's contention, however, is supported neither by the text of §3B1.1 nor the case law interpreting it. That provision of the guidelines provides: "If the defendant

---

[1] Movant and his wife being the drug purchasers and Spencer being the seller.

was *an* organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." USSG, §3B1.1 (emphasis supplied). This language does not preclude the possibility of multiple leaders or organizers in a given conspiracy, and the case law interpreting it does not restrict it in such a manner. *United States v. Escotto*, 121 F.3d 81 (2d Cir. 1997), *cert. denied, Escotto v.United States*, 522 U.S. 1060 (1998) (four-level increase in offense level under sentencing guidelines based on defendant's leadership role in offense was not precluded by evidence that coconspirator was also "leader"); *United States v.Barnes*, 993 F.2d 680 (9th Cir. 1993) (fact that codefendant occupied leadership role in enterprise did not preclude defendant from also occupying organizational or leadership role as well, as required to support enhancement of defendant's sentence as organizer or leader of criminal activity that involved five or more participants); *United States v. Golden*, 954 F.2d 1413 (7th Cir. 1992) (upward adjustment in the base offense level for role as organizer was justified even though codefendant also qualified as organizer; sentencing guidelines' objective of proportionality did not preclude finding that arson conspiracy was directed by more than one leader). The upshot of this is that Movant misinterprets the law. To put it another way, Movant's appellate counsel was not deficient.[2] *Strickland*, 466 U.S. at 668.

But this does not entirely dispose of Movant's ineffective assistance of counsel argument. Movant also argues that §3B1.1(a) was applied unconstitutionally to him – and his counsel at sentencing failed to raise this argument – because he was only involved in a buyer-seller arrangement and therefore could not, by definition, be a leader/organizer of the conspiracy; therefore, his sentencing counsel was ineffective. *See* Movant's Memorandum in Support, at p. 8-10. However,

---

[2]Movant does not argue that his counsel was deficient in not raising a *Blakely* error argument on appeal (or by failing to amend the *Anders* Brief to raise it).

Movant again misinterprets the relevant law. The Sentencing Commission added commentary note 2 to § 3B1.1 in 1993. The note reads in relevant part:

> To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor *of one or more other participants*.

U.S.S.G. §3B1.1 commentary n. 2, added by id. app. C, amend. 500 (effective Nov. 1, 1993) (emphasis added). The note resolved a circuit split over whether control of another participant is required for §3B1.1 to apply. *United States v. Ronning*, 47 F.3d 710, 711-12 (5th Cir. 1995). The Fifth Circuit has well-established precedent that "[t]o qualify for the four-level §3B1.1(a) enhancement, a person must have been the organizer or leader of at least one other participant." *Ronning*, 47 F.3d at 712; *United States v. Valencia*, 44 F.3d 269, 272 (5th Cir. 1995); *United States v. Gross*, 26 F.3d 552, 555 (5th Cir. 1994). Under the facts developed in the PSR (and admitted to by Movant, *see* Movant's Response to Report and Recommendation of the United States Magistrate Judge, at p. 2), it was established that Movant directed his wife to purchase and deliver cocaine to him in the Bastrop County Jail, where he was being held, that he planned to sell to the other inmates. In addition, there were five people involved in the charged drug conspiracy. Therefore, because Movant's argument is clearly contradicted by the Sentencing Commission's commentary and the Fifth Circuit's precedent, his argument that his sentencing counsel failed to properly object because §3B1.1(a) was unconstitutionally applied to him lacks merit.

Movant's final argument is that the failure of the indictment to allege the Sentencing Guideline enhancement factors amounts to a structural defect. *See* Movant's Motion, at p. 4. Although not explicit, this argument is a *Booker* error argument, *United States v. Booker*, 543 U.S. 220 (2005) (holding that the Sixth Amendment requires a federal court defendant to admit or a jury

to find beyond a reasonable doubt the facts necessary to support a sentence exceeding the statutory maximum), and based on Movant's (incorrect) prediction of how the Supreme Court would rule in *Washington v. Recuenco*, 126 S. Ct. 2546 (2006).³  However, *Recuenco*'s harmless error rule does not come into play because Movant has no ground on which to base a *Booker* error claim in order to trigger a harmless error analysis. *Apprendi v. New Jersey* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt,"530 U.S. 466, 490 (2000), and *Blakely* clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant*." *Blakely*, 542 U.S. at 303 (partial emphasis omitted; emphasis in original); *see also Booker*, 543 U.S. 220, 239-41 (applying *Blakely* to Federal Sentencing Guidelines).

      Because Movant admitted, at his plea hearing, to the relevant aspects of the Factual Basis read into the record by the Government he has waived any *Booker* error claim. Movant did file objections to this Court's Report and Recommendation that the District Court accept Movant's guilty plea. *See* Movant's Response ro Report and Recommendation of the United States Magistrate Judge, at p. 2. However, Movant's motion stated that while he "had no personal knowledge of the conduct of the co-conspirators," Movant "did indeed acknowledge that portion of the Factual Basis which asserted facts about his own individual conduct and that of his spouse, Heather Kerr." *Id*. As established above, this factual admission is sufficient to expose Movant to the leader or organizer sentencing enhancement. *See supra*, p. 5, 6. Therefore, because Movant admitted to the factual

---

³In *Washington v. Recuenco*, decided at the end of the 2005-06 term, the Court held that *Blakely* errror (or insofar as the *federal* sentencing guidelines are concerned, *Booker* error) was *not* structural error but was instead subject to harmless error analysis.

predicate for the four-level leader or organizer sentencing enhancement, his sentence, by definition, did not go beyond the statutory maximum in his case, and his argument is rejected.[4]

Accordingly, for the foregoing reasons the Magistrate Court RECOMMENDS that the District Court DENY Movant's § 2255 Motion.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DENY** Movant Matthew Fitzgerald Barrs' Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 1).

## X. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

---

[4] In the midst of his Motion, Movant also waves at a prosecutorial misconduct allegation. Movant alleges that the prosecutor's argument during the sentencing phase of the trial that the District Court could base the §3B1.1(a) based on evidence of a separate crime in another jurisdiction amounted to such misconduct. Movant's sentencing counsel objected. The probation officer advised the District Court that regardless of the conduct from the other jurisdiction, the reason he recommended the enhancement under §3B1.1(a) was because there were indeed five person involved in a drug conspiracy given the conduct charged. The court overruled Movant's objections on the basis that there were indeed five people involved in the charged conspiracy in the present case. *See* Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence, Exh. B., at p. 9. Therefore, even granting for the sake of Movant's argument that prosecutor's remarks were improper, they did not affect Movant's substantial rights. *United States v. Medrano*, 836 F.2d 861, 865 (5th Cir. 1988).

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested

SIGNED this 26th day of September, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE